**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **KIM WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. CBD-12-1226** |
| ) | |
| **KETTLER MANAGEMENT INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Before this Court is Defendant AIMCO Properties, Limited Partnership ("AIMCO")'s

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23). The

Court has reviewed Defendant's Motion, related memoranda, and applicable law. No hearing is

deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court

DENIES Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In his Amended Complaint, Plaintiff alleges violations of Title VII of the Civil Rights

Act of 1964 and 42 U.S.C. § 1981 against Defendants Kettler Management, Inc. ("Kettler"), and

AIMCO, both property management companies. Am. Compl. ¶¶ 62-97. Plaintiff, who is a black

male, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against

Kettler in March of 2009, alleging a hostile work environment and harassment based on his race.

*Id*. at ¶ 33. In July of 2009, Kettler fired Plaintiff giving rise to his claims of retaliation. *Id*. at ¶¶

40-48. In August of 2009, Plaintiff began working at AIMCO and alleges that he soon thereafter

experienced discriminatory conduct in the workplace. *Id*. at ¶¶ 51-52. Plaintiff alleges that in

October of 2009, one of his supervisors at AIMCO informed him that the company was entering into a cooperative agreement with Kettler to operate a new property, the "Lighthouse." *Id*. at ¶ 53.  Plaintiff alleges that his AIMCO supervisor informed him that he had spoken to a high-level employee at Kettler and "implied" that he was aware of the complaint to the EEOC. *Id*. at ¶¶ 53-54.  Plaintiff alleges that he was terminated less than two months later for a pretextual reason. *Id*.  Plaintiff alleges that AIMCO and Kettler "jointly and severally" retaliated against him for his lawful EEOC activity, in violation of 42 U.S.C. § 1981. *Id*. at ¶¶ 88-97.

Defendant AIMCO filed the instant Motion for Dismiss pursuant to Federal Rule of Procedure 12(b)(6) claiming that Plaintiff has failed to state a claim upon which relief can be granted.  Def.'s Br. 1.  AIMCO argues that the facts pled by Plaintiff fail to create a plausible inference of discrimination and state the grounds for relief in a conclusory fashion. *Id*. at 4-6.

## STANDARD

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court expounded on the requirements of the well-pleaded complaint and added new elements to the 12(b)(6) analysis.  Nonetheless, at this early stage of litigation a court must accept a plaintiff's factual allegations as true and construe all reasonable factual inferences in favor of the plaintiff. *Gerner v. County of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012) (quoting *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011)); *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

*Twombly* and *Iqbal* changed the requirements of notice pleading in two major ways.  *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).  First, they require courts to assess the plausibility of plaintiffs' allegations and to reject those that are merely speculative.  Prior to these cases, the Supreme Court had stated that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  This standard was abrogated by *Twombly*, which held that plaintiffs must state "enough facts to state a claim to relief that is plausible on its face" and "nudge their claims across the line from conceivable to plausible."  550 U.S. at 547.  Plausibility is a context-specific inquiry "requiring the reviewing court to draw on its experience and common sense."  *Iqbal*, 556 U.S. at 679.

Second, *Twombly* and *Iqbal* clarify that while a court is required to construe factual allegations in favor of the plaintiff, it is not required to accept legal conclusions, conclusory statements, or "naked assertions devoid of further factual enhancement."  *Cook v. Howard*, 484 F. App'x 805, 810-11 (4th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678); *Walters*, 684 F.3d at 439.  The purpose of this distinction is to ensure that plaintiffs do more than merely recite the elements of a claim without any further factual support.  *See Iqbal*, 556 U.S. at 678-79.

In the Title VII context, the Supreme Court has held that a plaintiff is not required to make out a full prima facie case of employment discrimination, but rather may survive a 12(b)(6) motion by detailing the events leading to an adverse employment action, providing relevant dates, and including the race or nationality of the relevant persons involved.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Harman v. Unisys Corp.*, 356 F. App'x 638, 640 (4th Cir. 2009).  While there may be some tension between the Court's decisions in *Swierkiewicz*, *Twombly*, and *Iqbal*, it specifically reaffirmed *Swierkiewicz* in its *Twombly*

opinion.  *See* 550 U.S. at 569-70.  It continues to stand for the proposition that at the pleading

stage in an employment discrimination case, courts may not require plaintiffs to plead with

specificity and particularly all of the elements they would be required to prove at trial.  *See*

*Swierkiewicz*, 534 U.S. at 508; *Templeton v. First Tennessee Bank, N.A.*, 424 F. App'x 249, 250

(4th Cir. 2011); *Harman*, 356 F. App'x at 640.

## ANALYSIS

To make a cognizable claim for retaliation in violation of 42 U.S.C. § 1981, the plaintiff

must allege that (1) he engaged in a protected activity relating to racial discrimination, (2) his

employer took an adverse employment action against him, and (3) there was a causal connection

between the protected activity and the adverse employment action.  *Honor v. Booz-Allen &*

*Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004); *Davis v. Dimensions Health Corp.*, 639 F.

Supp. 2d 610, 616-17 (D. Md. 2009).  The same principles apply to retaliation claims brought

under 42 U.S.C. § 1981 as to those brought under Title VII.  *Jordan v. Alternative Res. Corp.*,

458 F.3d 332, 343-44 (4th Cir. 2006).  AIMCO's termination of Plaintiff provides sufficient

evidence of an adverse employment action.  The Court takes the other two elements in turn.

## I.  Plaintiff Has Sufficiently Alleged That He Engaged In A Protected Activity.

Defendant AIMCO argues that Plaintiff has not pled sufficient facts to allege that his

"complaints constituted protected activity."  Def.'s Reply Br. 4.  However, Plaintiff has alleged

that he filed a complaint against Kettler with the EEOC which was the cause for Defendant's

retaliation.  Am. Compl. ¶ 91.  Just as in the Title VII context, Plaintiff may state a claim under §

1981 by alleging that Defendant retaliated against him for his protected activity undertaken

against another employer.[1]  In holding that § 1981 encompasses retaliation claims, the Supreme

---

[1] Title VII has been interpreted in this manner by the Federal Courts of Appeals.  *See Ostler v. Anderson*, 200 F.
App'x 750, 752 (10th Cir. 2006); *Flowers v. Columbia Coll. Chicago*, 397 F.3d 532, 533 (7th Cir. 2005); *Wrenn v.*

Court broadly considered congressional intent in passing the Civil Rights Act of 1991 and found

claims of retaliation to be necessary to prevent Americans from  being harassed, fired, or

otherwise discriminated against because of their race.  *See CBOCS W., Inc. v. Humphries*, 553

U.S. 442, 450 (2008).  It would thus be incongruous to allow employers free reign to take

adverse actions against employees for having engaged in protected activity against their prior

employers.  Therefore, Plaintiff's complaints to the EEOC are sufficient to allege that he

engaged in a protected activity.

## II.  Plaintiff Has Alleged Sufficient Facts From Which Causation Can Be Inferred.

In a retaliation claim, causation can be inferred from a brief lapse of time between the

protected activity and the adverse employment action.  *Silva v. Bowie State Univ.*, 172 F. App'x

476, 478 (4th Cir. 2006); *Pike v. Osborne*, 301 F.3d 182, 185 (4th Cir. 2002).  The Supreme

Court has stated that if temporal proximity is the sole evidence of causation, the time must be

"very close."  *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).  However, the

Court there was reviewing a motion for summary judgment, and here discovery may produce

additional evidence of causation.  At the pleading stage, the Fourth Circuit has considered lapses

of one to two months as sufficient, and up to two years where the defendant retaliated "at the

first opportunity" in a failure to rehire case.  *See Templeton v. First Tennessee Bank, N.A.*, 424 F.

App'x 249, 251 (4th Cir. 2011) (finding two year lapse sufficient where plaintiff resigned after

complaining of discrimination but sought to be rehired two years later); *Silva*, 172 F. App'x at

478 ("Because the burden of establishing a prima facie case is not onerous we find that the ten-

week lapse of time sufficiently established a prima facie case of retaliation.") (internal quotations

---

*St. Charles Hosp.*, No. 84-3620, 1986 WL 16538, at *1-2 (6th Cir. Feb. 5, 1986).  This Court has recognized such a claim under Title VII and the Americans with Disabilities Act.  *Fangmann v. Georgetown Univ. Med. Ctr.*, No. 01-1958, 2002 WL 32639146, at *2-3 (D. Md. July 8, 2002); *Lyon v. Bell Atl. Corp.*, No. 99-3631, 2001 WL 826580, at *3 n. 7 (D. Md. July 19, 2001).

omitted); *Pike*, 301 F.3d at 184-85 (drawing an inference of causation from a temporal lapse of one month).

Construing all factual inferences in favor of Plaintiff, it is plausible to infer causation from the conversation in which Defendant indicated it was aware of Plaintiff's protected activity and his termination less than two months later. *See Silva*, 172 F. App'x at 478; *Pike*, 301 F.3d at 185; *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (D. Md. 2011) (lapse of two months sufficient). Given Plaintiff's allegation that Defendant waited to fire him for a pretextual reason, it is plausible that Defendant retaliated at its first opportunity. *See Templeton*, 424 F. App'x at 251. Further, Plaintiff has not pled naked legal conclusions as asserted by Defendant. Def.'s Br. 5-6. Rather, Plaintiff has alleged that he discussed his prior protected activity with a supervisor at AIMCO and was soon thereafter terminated for a reason that was false and pretextual. Defendant relies on a Third Circuit case in which the complaint "allege[d] a series of unfortunate events and then state[d], in conclusory fashion, that the reason for those events is that Reynolds harbored discriminatory animus." Def.'s Br. 5 (quoting *Gross v. R.T. Reynolds, Inc.*, No. 11–3917, 2012 WL 2673139, at *3 (3d Cir. July 6, 2012)).[2] However, the conversation and temporal proximity alleged here provide the factual support to clothe Plaintiff's legal conclusions. *Compare Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009) (dismissing complaint where the plaintiff's only allegations were the race of the parties and that no white employee had been similarly terminated). Plaintiff's short and plain statement of the facts is not a "threadbare recital of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

---

[2] Defendant cites two other cases which are easily distinguishable. In *Brandford v. Shannon-Baum Signs, Inc.*, No. 11-00836, 2012 WL 3542604 (D. Md. Aug. 15, 2012), the plaintiff failed to allege that he was engaged in a protected activity. *Id.* at *5. The Court nonetheless affirmed that an inference of causal connection can be inferred from temporal proximity. *Id.* In *Austin v. Bd. of Educ.*, No. 10-1185, 2011 WL 6736724 (D. Md. Dec. 21, 2011), the Court granted the defendant's motion for summary judgment based on evidence that the plaintiff had received negative performance evaluations predating her protected activity. *Id.* at *7. While such rebuttal evidence may undermine an inference of causation at the summary judgment phase, it is not available at the pleading stage.

Finally, Plaintiff's Amended Complaint is not deficient because it is consistent with a non-discriminatory explanation, as Defendant asserts.  Def.'s Br. 6; Def.'s Reply Br. 4. Although a plaintiff is required to do more than plead facts which are "merely consistent with liability," *Iqbal*, 556 U.S. at 678, the allegations need not entirely preclude the possibility that the defendant is innocent.  This would be akin to requiring proof at the pleading stage.  *See Swierkiewicz*, 534 U.S. at 508.  Here, Plaintiff has pled facts which may or may not be construed to produce liability, and only factual discovery can shed light on the matter.  Plaintiff's factual allegations allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant AIMCO's Motion to Dismiss.

January 31, 2013                                                  /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/ISA