IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| KIM WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CBD-12-1226 |
| KETTLER MANAGEMENT INC., et al., | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Before this Court are Plaintiff's Motion to Strike AIMCO's Deposition Transcript ("Motion to Strike AIMCO Deposition") (ECF No. 80) and Plaintiff's Motion to Strike and Suppress Kettler Management Inc. Evidence ("Motion to Strike Kettler Evidence") (ECF No. 82). The Court has also received and reviewed the motions, related memoranda, and applicable law thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES Plaintiff's Motion to Strike AIMCO Deposition and DENIES Plaintiff's Motion to Strike Kettler Evidence.

### I. Factual and Procedural Background

In his Amended Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Defendants Kettler Management, Inc. ("Kettler"), and AIMCO Properties, LP ("AIMCO"), both property management companies. Am. Compl. ¶¶ 62–97. Plaintiff, who is a black male, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Kettler in March of 2009, alleging a hostile work environment and harassment based on his race. *Id.* at ¶ 33. In July of 2009, Kettler fired Plaintiff giving rise

to his claims of retaliation. *Id.* at ¶¶ 40–48. In August of 2009, Plaintiff began working at AIMCO and alleges that he soon thereafter experienced discriminatory conduct in the workplace. *Id.* at ¶¶ 51–52. Plaintiff alleges that in October of 2009, one of his supervisors at AIMCO informed him that the company was entering into a cooperative agreement with Kettler to operate a new property, the "Lighthouse." *Id.* at ¶ 53. Plaintiff contends that his AIMCO supervisor informed him he had spoken to a high-level employee at Kettler and "implied" that he was aware of the complaint to the EEOC. *Id.* at ¶¶ 53–54. Plaintiff suggests that he was terminated less than two months later for a pretextual reason. *Id.* Plaintiff alleges that AIMCO and Kettler "jointly and severally" retaliated against him for his lawful EEOC activity, in violation of 42 U.S.C. § 1981. *Id.* at ¶¶ 88–97.

Defendants filed their Motions for Summary Judgment on November 12, 2013, and Plaintiff filed the instant Motion to Strike AIMCO Deposition and Motion to Strike Kettler Evidence on January 2, 2014.

## II.  Discussion

Pursuant to Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *E.E.O.C. v. Spoa, LLC*, CIV. CCB-13-1615, 2014 WL 47337, *3 (D. Md. Jan. 3, 2014) (quoting Fed. R. Civ. P. 12(f)). The Fourth Circuit has held that a defense which "'might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 (3d ed. 2013)). Nonetheless, the courts generally view Rule 12(f) motions "with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory or harassing tactic.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal*

2

*Practice & Procedure* § 1380 (3d ed. 2013). The courts will deny Rule 12(f) motions "unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machs. Corp.,* 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Const. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *see also Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (exercising discretion not to strike defenses where the plaintiffs "articulated no prejudice that would result from a denial of their motion").

Plaintiff moves to strike AIMCO's deposition transcript, claiming that Defendant AIMCO withheld from Plaintiff his right to read and sign his August 23, 2013 deposition transcript and objects to its admittance without first providing a copy for him to make corrections. Mot. Strike AIMCO Dep. 1–2. Plaintiff also moves to strike evidence submitted by Defendant Kettler, claiming that Kettler submitted a "fraudulently produced" employee handbook as evidence. Mot. Strike Kettler Evid. 1–5. For the reasons set forth below, the Court denies both Plaintiff's Motion to Strike AIMCO Deposition and Motion to Strike Kettler Evidence.

    **A.**    **Plaintiff's Motion to Strike AIMCO Deposition is Untimely and Lacks Adequate Reason**

Plaintiff asks the Court to strike Defendant AIMCO's deposition transcript because it failed to follow the procedure of Rule 30(e) of the Federal Rules of Civil Procedure, allowing Plaintiff the opportunity to review and offer changes to his transcript. Mot. Strike AIMCO Dep. 1. AIMCO replies that, notwithstanding the possibility that substantive changes may be permissible, Plaintiff's failure to submit an errata sheet by the 30-day deadline set forth in Rule 30(e) constitutes a waiver of his right to read and offer changes. AIMCO Opp'n 2.

Federal Rule of Civil Procedure 30(e) provides:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). "Rule 30(e) clearly states a 30 day time limitation for modification of transcripts and fails to formulate any exception to the rule." *In re Grant*, 237 B.R. 97, 108 (Bankr. E.D. Va. 1999). Rule 30(e) was revised "to reduce problems sometimes encountered when depositions are taken stenographically," such as the difficulties that arise in getting deponents to sign and return their depositions. Fed. R. Civ. P. 30(e) advisory committee's note (1993). The "[f]ailure of the party or deponent to return the deposition with properly executed changes within 30 days constitutes a waiver of the right to examine and read the transcript." *Harden v. Wicomico County*, 263 F.R.D. 304, 306 (D. Md. 2009) (quoting *Soto v. McLean*, Nos. 7:96CV134BR2, 7:96CV135BR2, 1998 WL 1110688, at *2 (E.D.N.C. 1998)) (internal quotation marks omitted).

Plaintiff's motion concerns the transcript of his August 23, 2013 deposition noticed by AIMCO. Plaintiff contends that he did not waive his right to read and sign the deposition transcript, but that afterwards "he heard no more about the deposition." Mot. Strike AIMCO Dep. 1. On the contrary, the deposition reporting company wrote Plaintiff on September 6, 2013, at the same address Plaintiff provided in his Complaint, stating that the deposition transcript had been completed and that it was available at its office for review. AIMCO Opp'n Ex. A. The notice further warned Plaintiff that if he failed to review the transcript within thirty days it "may be used as if signed." *Id.*

Plaintiff states that he "would be interested" in reviewing the transcript should AIMCO's reporting company send him a copy by e-mail. *See* Mot. Strike AIMCO Dep. 1. Rule 30(e), however, requires only that the reporting company make the transcript "available" for review

4

and/or provide a copy of the transcript upon payment of "reasonable charges." Fed. R. Civ. P. 30(e)(1), (3). It does not require the reporting company to send a copy of the transcript to a party. *See Parkland Venture, LLC v. City of Muskego*, 270 F.R.D. 439, 441 (E.D. Wis. 2010) (noting that a court reporter complies with Rule 30(e) by "requesting that the deponents come to her office to review the transcripts of their depositions" and need not send a copy to a party unless the party purchases the transcript). Plaintiff provides no indication that he contacted the reporting company to schedule an in-person review of the transcript or submitted payment to the reporting company to receive a copy of the transcript. Mot. Strike AIMCO Dep. 1. The deposition reporting company properly provided thirty-day notice for review.[1]

Plaintiff filed this motion on January 2, 2014, 118 days after AIMCO submitted the deposition transcript to him, and has not identified what changes to the transcript he would offer. Mot. Strike AIMCO Dep. 1–2. Furthermore, AIMCO is correct in noting that prejudice "may well result because AIMCO has already spent significant attorneys' fees in drafting a Motion for Summary Judgment based in part on the substance of Plaintiff's deposition testimony." AIMCO Opp'n 2. Plaintiff's Motion to Strike AIMCO's Deposition is denied on the procedural grounds that it is untimely and lacks an adequate explanation for his failure to submit an errata sheet.

### B. Plaintiff's Motion to Strike Kettler Evidence Provides Neither Adequate Basis Nor Authentication for Consideration

Plaintiff alleges Defendant Kettler submitted an employee handbook as evidence in its Motion for Summary Judgment that is materially different from what he reviewed and signed while an employee for the organization. Mot. Strike Kettler Evid. 1. Kettler notes Plaintiff

---

[1] The letter from the reporting company erroneously relied on state procedural rules regarding Plaintiff's opportunity to review. Maryland's rules regarding deposition procedure are substantially similar to the Federal rules. Deviation between the two rules primarily concerns the changes and edits that are permitted by a deponent. While the Federal rules permit a deponent to review the transcript and change it "in form or substance," Fed. R. Civ. P. 30(e)(1)(B), the Maryland rules limit changes to "corrections . . . to conform the transcript to the testimony," Md. Code Ann., Civ. Proc. § 2-415 (LexisNexis 2014). The procedural differences are inconsequential.

failed to produce in discovery or to submit with his motion any supporting affidavits that comply with Rule 56(c) of the Federal Rules of Civil Procedure. Kettler Opp'n 2 n.1 ("Plaintiff did not produce in discovery the employee handbook he cites, so it is difficult to determine what version of the employee handbook he references in his Motion.").

"It is well established that that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). *See also DeBlois v. Gensel*, No. CCB-07-2596, 2009 WL 2713947, *1 n.1 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); *Meyers v. Lazer Spot, Inc.*, No. L-05-3407, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment); *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 536, 541–42 (D. Md. 2007) ("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment"). The Fourth Circuit Court of Appeals generally requires those opposing motions for summary judgment to submit supporting materials that are admissible at trial. *Id.* at 535 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)) ("to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). For a non-moving party with the burden of proof at trial, "[m]aterial that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (3d ed. 2013).

In summary judgment "a party seeking to admit an exhibit need only make out a prima facie case showing that this is what he or she claims it to be." *Lorraine*, 241 F.R.D. at 542. Under the Federal Rules of Evidence, documents are rarely admitted on their face. More often, a

foundation must be laid that at least supports a colorable argument for authenticity. The document may be admissible for other reasons, but the Court should have comfort in knowing that it is authentic. In summary judgment, a proper affidavit achieves this goal. This "requirement of authentication and identification also insures that evidence is trustworthy" in summary judgment. *Id.* The affidavits assure the Court that the evidence used to make its decision is authentic, and therefore the dispositive decision is reliable.

Plaintiff's motion to strike attacks the authenticity of evidence Kettler submitted in its Motion for Summary Judgment (ECF No. 71), but does not proffer any admissible evidence to support the contention. According to Plaintiff, "Kettler has made alterations, modification, deleted, added, changed, and revised portions of the [employee handbook] and made substantial revisions to it." Mot. Strike Kettler Evid. 1. Plaintiff also identifies specific sections that differ between his copy of the employee handbook and the handbook used by Kettler. *See* Mot. Strike Kettler Evid. 2. However, Kettler has properly established a prima facie case, by affidavit from its Vice President of Human Resources, demonstrating its employee handbook is what it purports it to be. *See* Kettler Opp'n 1; Kettler Mot. Summ. J. Ex. A ¶ 14. Plaintiff, on the other hand, neither offers evidence to show Kettler's handbook is unsupported nor provides any authenticating evidence regarding his version of the handbook which the Court can look to when evaluating whether a question of fact exists.[2]

In addition, Plaintiff neglects to address how any of the changes he identified between handbook versions are material to the claims or defenses raised in Kettler's Motion for Summary Judgment. Kettler cited to the employee handbook to support the following contentions: (1) that

---

[2] Kettler notes that Plaintiff did not produce in discovery the employee handbook to which he cites in his Motion to Strike Kettler Evidence. Similarly, Plaintiff fails to attach a copy of his version for the Court's consideration.

Plaintiff's unauthorized departure during the work day on April 28, 2009 violated Kettler's policies that employees will keep their supervisors fully informed of their whereabouts while on the clock; and (2) that Plaintiff's refusal to drill out a lock on July 6, 2009, as instructed by his supervisors, violated Kettler's policy against insubordination. Kettler Opp'n 2; Kettler Mot. Summ. J. 7, 26. Plaintiff does not suggest that there are any material differences in these two policies as illustrated by Kettler's employee handbook versus his unauthenticated handbook.

The Court cannot consider the materials Plaintiff relies on because he failed to meet the minimum showing of authenticity. Plaintiff's Motion to Strike Kettler Evidence is, therefore, denied.

### III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Strike AIMCO Deposition and DENIES Plaintiff's Motion to Strike Kettler Evidence.

February 5, 2013 /s/
Charles B. Day
United States Magistrate Judge

CBD/slr